### Felix O. Beazley *v.* Commonwealth.

**Criminal Law—Instructions Relating to Murder.**

Instructions relating to murder, if erroneous, cannot have prejudiced the defendant, where he was not convicted of murder.

**Homicide—Instruction Singling Out Facts.**

An instruction should not single out and give undue prominence to certain facts from the mass of evidence, and state that if these facts are proven a case of self-defense is made out.

**Homicide—Instruction—Self-Defense.**

An instruction which made the right of defendant to shoot in defense of his wife depend on the belief of the defendant, founded

upon reasonable grounds, that the deceased intended immediately to inflict upon defendant's wife great bodily harm, is erroneous, since defendant had no right to kill deceased if there was any other apparent means of securing the safety of his wife.

**Homicide—Instructions—Invading Province of Jury.**

An instruction in effect that if deceased assaulted defendant's wife and she screamed, the assault and scream constituted reasonable grounds for belief on defendant's part that the deceased was about to inflict on defendant's wife great bodily harm, invades the province of the jury.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

October 16, 1873.

OPINION BY JUDGE LINDSAY:

It is not essential that the instructions in this case relating to the crime of murder shall be analyzed. There is nothing in them calculated to excite in the minds of the jury the belief that the killing was of such a character as to demand vigorous punishment, and as the appellant was not convicted of murder he could not have been prejudiced by erroneous definitions of the elements constituting that offense (even if such definition were given, a question we do not decide). Instruction No. 1 asked for by appellant was properly refused for two reasons. First, because certain facts supposed to have been proved were singled out from the mass of the evidence, and grouped together, and the jury told that if they believed that these facts had been sufficiently proved, then a case of self-defense growing out of apparent necessity was made out. This mode of instructing a jury has been repeatedly condemned by this court. The second objection is that the right of appellant to shoot was made to depend alone upon the belief on his part founded upon reasonable grounds, that the deceased intended immediately to inflict upon Mrs. Beasley great bodily harm. The error in this is manifest. No matter what accused may have believed nor what the grounds for his belief were, he had no legal right to kill the assailant if there was any other apparent means by which he could secure the safety of his wife.

This second objection applies with equal force to instruction No. 2 asked by appellant.

Instruction No. 3 was fatally erroneous. If given it would in effect have told the jury that if they believed that the deceased as-

saulted appellant's wife and she screamed that the assault and scream constituted reasonable grounds for the belief upon the part of the accused that the deceased was then about to do his (appellant's) wife great bodily harm. This would have been a direct invasion of the province of the jury, and would have taken from them the right to determine whether the assault was of a character authorizing appellant to reasonably believe that his wife was in danger of great bodily harm.

Both the objections pointed out to instruction No. 1 asked for by appellant apply with equal force to instruction No. 4. Hence, it was properly refused.

Instruction No. 8, given by the Court in lieu of instruction asked by appellant, contains some of the errors already pointed out, but upon examination it will be found that these errors, instead of being prejudicial to him, necessarily operated to his advantage.

For instance, the court assumed that it had been proved that the deceased had threatened to injure appellant or his family, that he entertained a grudge towards them, that he used offensive language, was in close proximity to Mrs. Beasley, and that his attitude and movements were offensive, and then told the jury if from these facts, which they were thus authorized to regard as established by the proof, appellant had reasonable grounds thereon, and did believe that the deceased was about to proceed immediately to inflict great bodily harm upon the wife. The provocation was sufficient to reduce the killing to manslaughter. Under this instruction it was impossible to convict the accused of murder, unless the jury determined that the court was mistaken in assuming that the circumstances set out had been proved. Instruction No. 9 is more favorable to accused than it should have been. It gives him the benefit of having the special facts therein grouped together made unduly prominent, and authorizes his acquittal if the jury should conclude from those facts (thus isolated from the balance of the testimony) that, upon reasonable grounds he did believe his wife to be in danger of death or great bodily harm, and there was no other means of averting or arresting the danger. Instructions Nos. 8 and 9 are not inconsistent. The one upon an assumed state of facts compels the jury to acquit the accused of murder, and reduces the offense in any event to manslaughter, and the other authorizes an acquittal upon the ground of apparent necessity if, in addition to the facts assumed to have been proved by instruction

No. 9, appellant had no other means to save his wife from the impending danger, except to shoot her assailant.

·We perceive no error of law in the proceedings in the court below authorizing a reversal of its judgment by this court. Said judgment must therefor be affirmed.

*Sandidge, Winfrey, for appellant.*

———, *for appellee.*